JiBYRNES, Judge.
Relator, National Union Fire Insurance Company (National Union), invokes the supervisory jurisdiction of this Court to review *416 the trial court’s denial of its motion for summary judgment.
This action arises out of a fire and explosion that occurred on November 10, 1994, at the Janex Well No. 1 platform in Lake Catherine, Louisiana. Respondents, Janex Oil Company (Janex) and ANR Production Company (ANR), alleged that respondent, St. Bernard Well Service, Inc. (St. Bernard Well), was negligent in failing to supervise the replacement of a compressor, allowing pressurized gas in containment tanks, causing the compressor start-up, well-unloading process, and salvage efforts to go unsupervised, failing to properly supervise the crew using a hot torch to cut pipe, and failing to remove that crew from the platform during the testing and adjusting of the new compressor. Relator, National Union', provided “bumbershoot” coverage to St. Bernard Well. Under a section of the “bumber-shoot” policy entitled “ABSOLUTE EXCLUSIONS” (emphasis original) is a paragraph declaring that National Union shall not cover liability or expense,
Rfrom ownership, use or operation of drilling rigs, drilling barges, drilling tenders, platforms, lose lines, gathering stations and/or pipe lines, but this exclusion shall not apply to craft serving the foregoing such as crew, supply, or utility boats, tenders or tugs.
Realtor filed a motion for summary judgment based on this exclusion which was denied by the trial court. Respondents suggest that this exclusion is ambiguous and as such should be limited to the direct acts of the owner, user or operator of a drilling rig. But “arising ... from ... operation of drilling rigs” is unambiguously broader than “operator” which arguably refers to the one individual or entity in overall charge of operations. Many individuals or entities may be involved in the operation of the rig. In other words, respondents want us to read “operator” where the policy actually says “arising ... from operation of drilling rigs.” [Emphasis added.]
Moreover, in paragraph 5 of the original petition Janex alleges that, “St. Bernard had been hired by Janex for supervision of all producing and operational activities related to the platform ...” [Emphasis added.] Significantly, Janex repeats this allegation at the top of page 2 to the opposition of this writ.
National Union argues that the purpose of this exclusion was to limit coverage to vessels while excluding drilling platforms. This argument makes sense in view of Balashov v. Baltic Shipping Co., 96-CA-1129 (La.App. 4 Cir. 1/22/97), 687 So.2d 1101, in which this court discussed the fact that 46 U.S.CApp. Sec. 688(b) draws an analogous distinction between blue water seaman and oil rig workers. Moreover, we also note the schedule of covered vessels listed in the policy.
laThe actions of St. Bernard were involved in the operation of the platform and under any reasonable reading of the policy language arise out of the operation of the platform/drilling rig.
Although we find no merit in respondents’ contention that the above quoted policy exclusion does not apply to St. Bernard, we do find that a genuine issue remains regarding respondents’ assertions that National Union waived its right to deny coverage after waiting perhaps almost two years to do so and after apparently appearing at several depositions without limitation.
For the foregoing reasons we granted writs to review relator’s application, but after doing so deny the relief requested.

WRIT GRANTED; RELIEF DENIED.